AUSA: Louis Crisostomo Telephone: 313-226-9160
Special Agent : Neil Gavin, FBI Telephone: 313-965-2323

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America,

    Plaintiff,

v.

Eugene Reese

    Defendant(s).

Case: 2:16-mj-30436
Assigned To : Unassigned
Assign. Date : 9/26/2016
Description: CMP USA v. SEALED MATTER (SO)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief:

On or about the date(s) of May 19, 2016, in the county of Wayne in the Eastern District of Michigan, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession with intent to distribute a controlled substance |

This criminal complaint is based on these facts:
See Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Neil Gavin, Special Agent, FBI
Printed name and title

Sworn to before me and signed in my presence.

Date: September 26, 2016

_____
Judge's signature

City and state: Detroit, Michigan

Mona K. Majzoub U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, NEIL GAVIN, having been duly sworn, state as follows:

1. I am a Special Agent with the Federal Bureau of Investigation and have been so employed for over twelve years. I am currently assigned to the Detroit field office, assigned to the Violent Gang Task Force (VGTF) and charged with investigating gangs and narcotics trafficking. Prior to my present assignment, I was assigned to the Kansas City field office where I investigated gangs, narcotics and violent crime.

2. This affidavit is being submitted in support of a criminal complaint alleging that EUGENE REESE has violated 21 U.S.C. § 841(a)(1).

3. I am aware that 21 U.S.C. § 841(a)(1) makes it a crime to "possess with intent to distribute a controlled substance."

4. Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint charging REESE with the above listed violations, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe the defendant committed the offense alleged in the complaint.

5. On May 19, 2016, at approximately 4:20 p.m. REESE was a

1

passenger in a vehicle which was stopped by the Michigan State Police traveling southbound on I-75 near the South Huron River exit. The vehicle was stopped for traffic violations of tailgating and driving on the yellow line. During the stop, the driver of the vehicle, Melissa Carny, told the police officer that she was on her way to West Virginia with her friend Betty Armstrong, who was seated in the front passenger seat. Carny told the police officer that REESE, who was seated in the back seat, was Armstrong's boyfriend. Carny consented to a search of her vehicle.

6. During the consent search of the vehicle, a false WD-40 can was discovered under the driver's seat near where REESE's feet were placed. The inside of the can was coated with mustard and pepper. Further inspection revealed the can contained a baggie of suspected heroin. An inspection of the vehicle revealed a crest and air vent that prevented access to the area the can was found by the driver.

7. Upon the discovery of the suspected narcotics, Carny, Armstrong, and REESE were arrested and transported to the Metro South Post. REESE was advised of his Miranda rights and agreed to waive his rights and talk with law enforcement. During the interview, REESE admitted that the narcotics found inside the can was indeed heroin, and that it was approximately 70 grams. REESE further added there was an additional 15 grams of heroin located inside a lint roller

in the vehicle. The Michigan State Police recovered these narcotics as well. REESE admitted to obtaining the heroin for distribution and that he was traveling to West Virginia to sell the heroin down there.

8. Both Carny and Armstrong were advised of their Miranda rights and interviewed by law enforcement. Both stated they had no knowledge of the narcotics found inside the vehicle.

9. Based on my training, experience, and information provided in this affidavit, I believe that EUGENE REESE violated 21 U.S.C. § 841(a)(1).

_____
Neil Gavin
Special Agent, FBI

Subscribed and sworn
before me this 26th day of September, 2016

_____
Honorable Mona K. Majzoub
United States Magistrate Judge