UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

            Plaintiff,           Case No. 2:16CR20697-001
                                          Hon. George Caram Steeh, III

vs.

EUGENE REESE,

           Defendant.
_____/

| LOUIS CRISOSTOMO | DAVID R. CRIPPS (P34972) |
|---|---|
| Assistant United States Attorney | Attorney for Defendant |
| 211 W. Fort Street | 431 Gratiot Avenue |
| Suite 2001 | Detroit, MI 48226 |
| Detroit, MI 48226 | (313) 963-0210 |
| (313) 226-9100 | |

**DEFENDANT'S SENTENCING MEMORANDUM**

**I.    INTRODUCTION**

Defendant, EUGENE REESE, by and through his counsel, DAVID R. CRIPPS, submits this memorandum regarding his sentencing. Mr. Lawrence is to be sentenced by this Court pursuant to his guilty plea to one count of Conspiracy to Distribute and Possession with Intent to Distribute 100 Grams or more of Heroin in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(B)(i) and one count of Possession with Intent to Distribute Heroin under § 841(a)(1), 21 U.S.C. § 841(b)(1)(C). The Presentence Investigation Report (PSR) the anticipated a guideline range of 188 to 235 months, based on a total offense level of 31 and a criminal history category VI. The Government has recommended that the sentence not exceed the top of the

1

advisory guideline range. The defense is requesting that this Court depart from the guidelines and sentence Mr. Reese to a term lower than the guidelines.

## II. ARGUMENT

In *United States v. Booker*, the Supreme Court held that the Federal Sentencing Guidelines are for advisory purposes only; it is merely one of many factors that must be considered when making sentence determinations. *United States v. Booker*, 543 US 220 (2005); 125 S.Ct. 738 (2005). The *Booker* Court explained that when sentencing an individual, a court is not bound by the Federal Sentencing Guidelines. *Id*. Rather, it is bound by 18 USC § 3553(a). *Id*. While the Court must still give some consideration to the appropriate Guidelines range when making a sentence determination, the Court is no longer bound by the applicable Guidelines. *United States v. Webb*, 403 F.3d 373, 381 (6th Cir. 2006). Accordingly, this Court must consider all of the factors set forth in the statute before it can appropriately determine an individualized sentence that is "sufficient but not greater than necessary." *Booker*, 543 US 220.

The sentencing statute, 18 USC §3553(a), provides in pertinent part,

The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
    (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
    (2) the need for the sentence imposed--
        (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
        (B) to afford adequate deterrence to criminal conduct;
        (C) to protect the public from further crimes of the defendant; and
        (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
    (3) the kinds of sentences available;
    (4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .

  (5)  any pertinent policy statement issued by the Sentencing Commission . . .
(6)  the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7)  the need to provide restitution to any victims of the offense.

As the Sentencing Guidelines are now merely advisory, the Court may vary from the Guidelines so long as the requirements set forth in 18 USC § 3553(a) are satisfied.  While it has been established that a sentence within the appropriate Guidelines range is credited with a rebuttable presumption of reasonableness, it has also been established that a sentence outside of the proposal set forth in the Guidelines range is not presumptively unreasonable.  *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006); *United States v. Collington*, 461 F.3d 805, 808 (6th Cir. 2006).

  A. **18 USC § 3553(a)(1): THE NATURE AND CIRCUMSTANCES OF THE OFFENSE AND THE HISTORY AND CHARACTERISTICS OF THE DEFENDANT.**

Section 3553(a)(1) requires the Court to consider the history and characteristics of Mr. Reese as a relevant factor when making sentencing determinations.  The policy rationale underlying this subsection is that the Guidelines do not evaluate the defendant's personal characteristics when determining a range.  *Rita v. United States*, 551 U.S. 338, 357; 127 S. Ct. 2456, 2461 (2007).

### Nature and Circumstances of the Offense

Mr. Reese has pled guilty to one count of Conspiracy to Distribute and Possession with Intent to Distribute 100 Grams or more of Heroin in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(B)(i) and one count of Possession with Intent to Distribute Heroin under § 841(a)(1), 21 U.S.C. § 841(b)(1)(C).  The offense conduct underlying Mr. Reese's conviction in this case consists of his conspiracy to distribute, and possession of, 100 grams of heroin which he admitted to Michigan State Police as a result of a traffic stop.

**Personal History and Characteristics of Mr. Reese**

Mr. Reese was born on December 8, 1985 in Detroit, Michigan and has remained in Detroit for the entirety of his life. Mr. Reese is currently engaged to Trinice Garner, who is a nurse's assistant in Detroit. He claims paternity over two children from separate relationships. His son Jayden Reese, 13, and his daughter, Makayla Reese, 11, depend on their father for financial assistance, and he provided the same, up until the time he was incarcerated.

Mr. Reese's family history contains drug addiction and abuse. From a young age, both of his parents struggled with drug addiction. He was turned over to the custody of his grandmother when he was 8 years old.

B. **18 USC § 3553(a)(2):  THE NEED FOR THE SENTENCE IMPOSED.**

Mr. Reese acknowledges the seriousness of his offense.  He has pled guilty to one count Conspiracy to Distribute and Possession with Intent to Distribute 100 Grams or more of Heroin in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(B)(i) and one count of Possession with Intent to Distribute Heroin under § 841(a)(1), 21 U.S.C. § 841(b)(1)(C). Mr. Reese takes full responsibility for his actions that led to this case.

C. **18 USC § 3553(a)(3): THE KINDS OF SENTENCES AVAILABLE.**

While the anticipated guideline range of 188 to 235 months, based on a total offense level of 31 and a criminal history category VI, Mr. Reese is not eligible for probation.

**III. CONCLUSION**

Mr. Reese understands the wrongfulness of his actions.  Accordingly, he appreciates the need for a sentence that reflects the seriousness of his offense, promotes respect for the law, and provides just punishment for his conduct.  18 U.S.C. § 3553(a)(2).  He asks that this Court consider the factors presented above as sufficient to support a sentence below the guidelines.

WHEREFORE, the Defendant, EUGENE REESE, requests this Honorable Court sentence him to a term lower than the recommended the range.

Respectfully Submitted,

Dated: June 6, 2018

/s/ *David R. Cripps*
DAVID R. CRIPPS (P34972)
Attorney for Defendant
431 Gratiot Avenue
Detroit, MI 48226
(313) 963-0210

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

                Plaintiff,        Case No. 2:16CR20697-001
                                       Hon. George Caram Steeh, III

vs.

EUGENE REESE,

                Defendant.
_____/

LOUIS CRISOSTOMO                    DAVID R. CRIPPS (P34972)
Assistant United States Attorney      Attorney for Defendant
211 W. Fort Street                      431 Gratiot Avenue
Suite 2001                                      Detroit, MI 48226
Detroit, MI 48226                    (313) 963-0210
(313) 226-9100

**CERTIFICATE OF ELECTRONIC FILING WITH COURT**

      Attorney, DAVID R. CRIPPS, affirms, deposes and states that on June 6, 2018, he did cause to be served electronically with the Clerk of the United States District Court, Eastern District, using ECF system which will send notification of Defendant's Sentencing Memorandum filing to the following:

1. Hon. George Caram Steeh, III
2. Louis Crisostomo

                                                        /s/ *David R. Cripps*
Dated: June 6, 2018                         DAVID R. CRIPPS (P34972)
                                                        Attorney for Defendant
                                                        431 Gratiot Avenue
                                                        Detroit, MI 48226
                                                       (313) 963-0210