UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                    CASE NO. 2:16-CR-20697

v.                                       HON. GEORGE CARAM STEEH

EUGENE REESE,

        Defendant.

_____/

## GOVERNMENT'S SENTENCING MEMORANDUM

### INTRODUCTION

Defendant Eugene Reese and his co-conspirators earned money by engaging in the selling and distributing of a very dangerous controlled substance, namely heroin. Reese's serious criminal conduct, for which he has accepted responsibility, and his troubling criminal history as a career offender justify a stern sentence of imprisonment. For the reasons set forth below, the government respectfully recommends that the Court sentence Reese to a within-guidelines term of imprisonment of 204 months.

### STATEMENT OF FACTS

On May 19, 2016, troopers with the Michigan State Police (MSP) conducted a traffic stop on southbound Interstate 75 in Wayne County, Michigan, of a pickup

truck in which Eugene Reese was seated in the rear passenger area. The pickup truck displayed a license plate from the state of West Virginia. During the traffic stop, the female driver of the pickup truck consented to a search of the pickup truck. In total, MSP troopers found approximately 85 grams of heroin, a Schedule I controlled substance. Reese was arrested.

After being advised of his *Miranda* rights, Reese stated the following to investigators:

> The heroin found inside of the pickup truck belonged to Reese; Reese's heroin supplier had provided him the heroin earlier that day, and the female driver of the pickup truck was paid to transport Reese to West Virginia so Reese could sell the heroin there. On a few other occasions, the female driver had previously transported Reese to West Virginia to sell heroin. Reese expected to earn approximately $15,000 of profit from selling the heroin in West Virginia. Reese's supplier "fronted" the heroin to Reese, which meant that the heroin was provided by the supplier to Reese on a consignment basis.
>
> Reese and the supplier had been working together for over one year to distribute heroin. Typically, Reese received heroin from the supplier a few times each week. Reese's supplier would usually "front" Reese heroin at a cost of $85 per gram, which Reese would then sell in West Virginia at a price of $190 per gram. Typically, Reese would quickly sell out of heroin in West Virginia and return to Detroit to obtain more heroin from the supplier. Sometimes Reese would pay someone to "cut" or dilute the heroin, which would allow Reese to double his profit. Reese would sell heroin in West Virginia using a home that belonged to a white male.

2

## LAW AND ARGUMENT

**A.     The nature and circumstances of the offense and history and characteristics of the defendant, 18 U.S.C. § 3553(a)(1).**

The heroin distribution conspiracy in which Reese participated involved over 100 grams of heroin. As the Court surely knows, heroin is a very dangerous controlled substance, the abuse of which sadly causes many users to overdose and die. Heroin is also extremely addictive, debasing the lives of addicts whose sole motivation becomes doing whatever is necessary to obtain and consume more heroin. Quite simply, Reese profited from endangering and debasing the lives of the people in West Virginia to whom he repeatedly sold heroin; the nature and circumstances of Reese's offenses are sickening.

Moreover, according to the presentence report, Reese is a career offender who was convicted previously of a felony crime of violence and a felony controlled substance offense. Reese's prior felony crime of violence conviction involved him firing multiple gunshots at a vehicle being driven by the mother of his son. In 2015, Reese's felony controlled substance offense involved possession of 30 small plastic bags of cocaine and 63 small plastic bags of heroin. Reese's criminal history that qualifies him as a career offender is very troubling.

Sentencing Reese to 204 months of imprisonment is justified under this factor.

**B. The sentence imposed must reflect the seriousness of the offense, promote respect for the law, and provide just punishment, 18 U.S.C. § 3553(a)(2)(A).**

A sentence of imprisonment of 204 months is appropriate under this factor, based on the seriousness of the offenses as stated above, to promote respect for the law, and to provide just punishment to Reese, who is a career offender and a recidivist distributor of heroin.

**C. The sentence imposed must afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant, 18 U.S.C. § 3553(a)(2)(B) and (C).**

A sentence of imprisonment of 204 months will protect the public from further crimes of Reese.

Furthermore, a 204-month prison sentence would specifically deter Reese from engaging in future criminal conduct. Deterring Reese from future criminal conduct is especially important because Reese previously received a lenient sentence of probation for his 2015 felony controlled substance offense, but squandered that opportunity to comply with the law and turn away from committing crime. Indeed, Reese committed the instant offenses while under that 2015 probation sentence.

**D. The sentence needs to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, 18 U.S.C. § 3553(a)(6).**

A 204-month sentence of imprisonment for Reese will avoid unwarranted sentence disparities among defendants who are also career offenders because that sentence is within the applicable guidelines range.

## CONCLUSION

For the reasons stated above, the government respectfully recommends that the Court sentence Reese to a 204-month term of imprisonment with the Bureau of Prisons.

            Respectfully Submitted,

            MATTHEW SCHNEIDER
            UNITED STATES ATTORNEY

            s/*Louis Crisostomo*
            Louis Crisostomo
            Assistant United States Attorney
            211 W. Fort Street, Suite 2001
            Detroit, Michigan 48226
            313-226-9100
            Louis.Crisostomo@usdoj.gov
            IL 6288094

Dated: June 14, 2018

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 14, 2018, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

David Cripps, Esq.

                                          s/*Louis Crisostomo*
                                          Louis Crisostomo
                                          Assistant United States Attorney
                                          211 W. Fort Street, Suite 2001
                                          Detroit, Michigan 48226
                                          313-226-9100
                                          Louis.Crisostomo@usdoj.gov
                                          IL 6288094