UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

EUGENE REESE,

    Defendant.
_____/

Case No. 16-20697

Hon. George Caram Steeh

ORDER DENYING DEFENDANT'S
MOTION TO VACATE SENTENCE (ECF NO. 50)

Appearing pro se, Defendant Eugene Reese seeks to vacate his sentence pursuant to 28 U.S.C. § 2255. For the reasons explained below, Reese's motion is denied.

BACKGROUND FACTS

Reese was a passenger in a vehicle that was pulled over by Michigan State Police. After the driver consented to a search, the officers found heroin, which Reese admitted was his. He was prosecuted in state and federal court. Here, he pleaded guilty to (1) conspiracy to distribute more than 100 grams of heroin and (2) possession with the intent to distribute a quantity of heroin. On August 21, 2018, the court sentenced him to 188 months in prison, to run concurrently with his undischarged state sentence.

Reese appealed, arguing that his prosecutions in state and federal court for the same offense violated the Double Jeopardy Clause. The Sixth Circuit affirmed, stating that there was no constitutional violation because "[t]he dual-sovereignty doctrine permits federal and state prosecutions for the same offense." *United States v. Reese*, 785 Fed. Appx. 343, 344 (6th Cir. 2019) (citing *Gamble v. United States*, 139 S.Ct. 1960, 1964 (2019)).

## LAW AND ANALYSIS

Reese raises four grounds for relief in his § 2255 motion: (1) his prosecution violated the Double Jeopardy Clause; (2) his trial and appellate attorneys were ineffective; (3) he was sentenced based upon an incorrect drug quantity; and (4) the Sixth Amendment was violated because he was not permitted to fire his lawyer.

I.  Standard of Review

Pursuant to 28 U.S.C. § 2255, "[a] prisoner in custody under sentence of a [federal] court . . . claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." In order to prevail upon a § 2255 motion, the movant must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was

so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) (citation omitted).

## II.   Double Jeopardy

Reese contends that his prosecutions in state and federal court, which were based upon the same facts, violate the Double Jeopardy Clause. As noted above, the Sixth Circuit already rejected this claim on direct appeal. *Reese*, 785 Fed. Appx. at 344 (6th Cir. 2019). Accordingly, Reese's first claim for relief fails to establish a constitutional error.

## III.   Ineffective Assistance of Counsel

To present an ineffective assistance of counsel claim under § 2255, Reese must show that (1) his attorney's performance was seriously deficient and (2) this deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show that counsel's performance was deficient, a defendant must demonstrate that his counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *Id*. at 688. In applying this standard, "a court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. Counsel's deficient performance results in prejudice if "there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Reese alleges that both his trial and appellate attorneys were ineffective because they spent little time with him. He asserts that his appellate attorney should have raised "more issues," but does not specify the meritorious issues that he should have raised. *See generally Moody v. United States*, 958 F.3d 485, 492 (6th Cir. 2020) ("Of course, failing to raise wholly meritless claims is neither deficient nor prejudicial."). Reese's conclusory allegations about his attorneys' performance are insufficient. "Generally, courts have held that 'conclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim under § 2255.'" *Jefferson v. United States*, 730 F.3d 537, 547 (6th Cir. 2003) (citations omitted). Reese has neither demonstrated that his attorneys' performance was deficient nor that his defense was prejudiced. Accordingly, his ineffective assistance claim is without merit.

IV. Incorrect Drug Quantity

Reese also argues that the United States "lied" about the drug quantity for which he was held responsible. Reese pleaded guilty and was sentenced based upon a drug quantity of more than 100 grams of heroin. At the plea hearing, Reese specifically admitted to conspiring to distribute

more than 100 grams of heroin several times. ECF No. 45 at PageID 143, 146, 148-49. Reese does not articulate how this amount is incorrect, let alone establish the more serious charge of government misconduct.

Moreover, because Reese did not raise this claim on direct appeal, it is procedurally barred. *See Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001) ("Sentencing challenges generally cannot be made for the first time in a post-conviction § 2255 motion.").

V.     Sixth Amendment Right to Counsel

Reese asserts that his Sixth Amendment right to counsel was violated when he was not permitted to fire his lawyer and obtain a new one. As a factual matter, the record contradicts his claim. Reese's counsel filed a motion to withdraw, citing a breakdown in communication and his client's desire to terminate the representation. *See* ECF No. 44 at PageID 125-26. At the hearing, the court explained to Reese the disadvantages of switching lawyers, but stated that "I'll grant the motion to withdraw if that's what you're asking." *Id.* at PageID 127. After conferring with counsel, Reese stated, "I'm going to keep Mr. Cripps. Sorry for wasting the court's time." *Id.* at PageID 128. Subsequently, at the plea hearing, Reese agreed that he was satisfied with his counsel's assistance. ECF No. 45 at PageID 135.

Reese has failed to show that he was denied the right to counsel or to otherwise provide a factual or legal basis for his Sixth Amendment claim.

VI.     Appointment of Counsel

Reese also seeks the appointment of counsel to assist him in pursuing his habeas claim. ECF Nos. 51, 54. Because Reese has not articulated a potentially colorable claim, the court will deny his request for the appointment of counsel. The appointment of counsel for postconviction proceedings is a matter of the court's discretion, not a constitutional right. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004) (court may appoint counsel for habeas petitioner "only where the interests of justice or due process so require"). When a petitioner has not articulated a colorable claim, the appointment of counsel would not serve the interests of justice. *Lemeshko*, 325 F. Supp.2d at 788.

## CONCLUSION

Reese has not alleged a constitutional error or other potentially meritorious claim that would entitle him to habeas relief. Therefore, an evidentiary hearing is not required. *See Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (citing *Fontaine v. United States*, 411 U.S. 213, 215

(1973)) ("[E]videntiary hearings are not required when, as here, the record conclusively shows that the petitioner is entitled to no relief.").

In addition, because Reese has not "made a substantial showing of the denial of a constitutional right," for the reasons stated above, the court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22; *Moody*, 958 F.3d at 488 (to obtain a certificate, the merits of a claim must be "reasonably debatable").

IT IS HEREBY ORDERED that Reese's motion to vacate sentence (ECF No. 50) is DENIED.

Dated:  January 6, 2021

                                               s/George Caram Steeh
                                               GEORGE CARAM STEEH
                                               UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 6, 2021, by electronic and/or ordinary mail and also on Eugene Reese #55045-039, Coleman I, U.S. Penitentiary Inmate Mail/Parcels, P.O. Box 1033, Coleman, FL 33521.

s/Brianna Sauve
Deputy Clerk