UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

EUGENE REESE,

    Defendant.
_____/

Case No. 16-20697

Hon. George Caram Steeh

ORDER DENYING MOTION FOR
COMPASSIONATE RELEASE (ECF NO. 60)

Defendant Eugene Reese moves for compassionate release pursuant to 18 U.S.C. § 3582(c). Reese pleaded guilty to drug trafficking charges in 2018. The court sentenced him to 188 months in prison, to run concurrently with an undischarged state sentence. He is in federal custody and his expected release date is July 18, 2031.

Reese seeks a sentence reduction, arguing that the Bureau of Prisons should have credited him for 576 days that he was in state custody. He further argues that the COVID-19 pandemic and his desire to parent his

- 1 -

children provide extraordinary and compelling reasons supporting his release.

Ordinarily, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). The statute provides for a limited exception, known as "compassionate release," which is governed by 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. Although compassionate release motions were historically initiated only by the Bureau of Prisons, the First Step Act allows prisoners to file such motions on their own behalf, after exhausting their administrative remedies. *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020); *United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020).

The parties agree that Reese has exhausted his administrative remedies, so the court may consider the merits of his motion. When reviewing a compassionate-release motion, the court considers the following: (1) whether "extraordinary and compelling reasons" warrant a sentence reduction; (2) whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (3) whether "all relevant sentencing factors listed in 18 U.S.C. § 3553(a)" support a reduction. *United States v. Elias*, 984 F.3d 516, 518 (6th Cir.

2021) (quoting *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020)). "If each of those requirements are met, the district court 'may reduce the term of imprisonment,' but need not do so." *Id.* (citing 18 U.S.C. § 3582(c)(1)(A)).

In the early months of the COVID-19 pandemic, courts found the "extraordinary and compelling" prong to be satisfied based on the increased risk of contracting the virus in prison and a defendant's underlying serious health conditions. *See, e.g.*, *United States v. Mitchell,* 472 F. Supp.3d 403, 407 (E.D. Mich. 2020) (Type 2 diabetes and hypertension, in conjunction with COVID-19 pandemic, constituted extraordinary and compelling reasons); *United States v. Hargrove*, 2021 WL 509905, at *2 (E.D. Mich. Feb. 11, 2021) (heart failure, type 2 diabetes, and severe obesity, among other ailments). However, as pandemic conditions continue to evolve, these factors are less likely to constitute extraordinary and compelling reasons. The widespread availability of vaccines, in particular, has ameliorated the risk of severe health outcomes. Indeed, the Sixth Circuit recently held that "a defendant's incarceration during the COVID-19 pandemic – when the defendant has access to the COVID-19 vaccine – does not present an 'extraordinary and compelling reason'

warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021); *see also United States v. Traylor*, 16 F.4th 485, 487 (6th Cir. 2021) (no extraordinary and compelling circumstances based upon serious health conditions when inmate received COVID-19 vaccine).

Reese has not alleged that his release is warranted because of his health, but because of general prison conditions and restrictions caused by the pandemic. He has not articulated why living conditions generally applicable to all prisoners at his facility, such as lockdowns and delayed mail, constitute an extraordinary and compelling basis for his release. *See e.g., United States v. Colburn*, 516 F. Supp.3d 28, 31 (D. Mass. 2021) ("Every prisoner in a BOP facility is currently subjected to onerous conditions due to the COVID-19 pandemic and Giannulli 'has not explained why he should be given special or unique treatment.'"); *United States v. Lischewski*, 2020 WL 6562311, at *2 (N.D. Cal. Nov. 9, 2020) ("Conditions of confinement that are not extraordinary and compelling do not warrant § 3582(c) relief. . . .").

Reese's commendable desire to care for family members likewise does not constitute extraordinary and compelling grounds for relief. Family circumstances that may warrant compassionate release are generally

- 4 -

limited to situations in which the defendant is the only available caregiver for minor children or an incapacitated spouse. *See, e.g., United States v. Gibson*, 2021 WL 2549682, at *4 (E.D. Mich. June 22, 2021) ("[D]istrict courts continue to 'routinely den[y] motions for compassionate release when the defendants cannot show that they would be the only available caregiver of a minor child, even if their incarceration imposes substantial burdens on a spouse or co-parent to a minor child.'"); *United States v. Green*, 2020 WL 6144556, at *3 (E.D. Mich. Oct. 20, 2020). Reese has not alleged such extraordinary family circumstances.

      Reese's claim that he is entitled to 576 days of credit for time served in state custody also does not provide a basis for a sentence reduction under § 3582(c). The court is unable to consider this argument because "the power to grant credit for time served lies solely with the Attorney General and the Bureau of Prisons." *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001). A prisoner who wishes to challenge the BOP's calculation must exhaust his administrative remedies and file a writ of habeas corpus under 28 U.S.C. § 2241, against the warden of the facility in which he is confined. *See McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993); *Roman v. Ashcroft*, 340 F.3d 314, 320 (6th Cir. 2003).

Because Reese has not presented extraordinary and compelling reasons for relief, IT IS HEREBY ORDERED that his motion for compassionate release (ECF No. 60) is DENIED.

Dated: March 10, 2022

                          s/George Caram Steeh
                          GEORGE CARAM STEEH
                          UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 10, 2022, by electronic and/or ordinary mail and also on Eugene Reese #55045-039 Coleman I U. S. Penitentiary, Inmate Mail/Parcels, P.O. Box 103, Coleman, FL 33521.

s/Brianna Sauve
Deputy Clerk