UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 16-20697

    Hon. George Caram Steeh

EUGENE REESE,

    Defendant.
_____/

ORDER DENYING MOTION
FOR RESENTENCING (ECF NO. 66)

Defendant Eugene Reese submitted a letter to the court, requesting that he be considered for resentencing in light of the amendments to the Sentencing Guidelines that took effect on November 1, 2023. *See* 18 U.S.C. § 3582(c)(2); Sentencing Guidelines for United States Courts, 88 Fed. Reg. 28254-01 (May 3, 2023). The court will construe his letter as a motion for a reduction in sentence.

Reese does not identify the amendments that might be applicable to him or how they might affect his sentence. The court notes that the only amendments that apply retroactively are parts A and B, subpart 1, of Amendment 821 (U.S.S.G. § 4A1.1(e) and § 4C1.1). *See* U.S.S.G.

-1-

§ 1B1.10(d). New section 4A1.1(e) reduces the number of status points added to a defendant's criminal history score if he commits an offense while under supervised release, from two points to one point. *See* 88 Fed. Reg. 28254-01, 2023 WL 3199918 at *28270-71. New section 4C1.1 relates to "adjustments for certain zero-point offenders" and is applicable if the "defendant did not receive any criminal history points from Chapter 4, Part A," among other criteria. *Id.*

Neither of these provisions would serve to reduce Reese's guidelines range. His total offense level was 31 and his criminal history category was VI. He received ten total criminal history points and was sentenced as a career offender, so he is not a zero-point offender. *See* Presentence Investigation Report at 10. And even if he received a one-point reduction under § 4A1.1(e), this would not serve to reduce his criminal history category, which was calculated at VI because he is a career offender. *Id.*; *see* § 4B1.1(b) ("A career offender's criminal history category in every case under this subsection shall be Category VI."). Because the changes to the guidelines would not reduce his sentencing range, Reese is not eligible for resentencing under Amendment 821. *See* U.S.S.G. § 1B1.10(a); *Dillon v. United States*, 560 U.S. 817, 826 (2010).

Reese also contends that he is not receiving credit from the Bureau of Prisons for time served in state custody. The court addressed this argument in its order denying Reese's motion for compassionate release (ECF No. 64), noting that it is unable to consider the issue because "the power to grant credit for time served lies solely with the Attorney General and the Bureau of Prisons." *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001). A prisoner who wishes to challenge the BOP's calculation must exhaust his administrative remedies and file a writ of habeas corpus under 28 U.S.C. § 2241, against the warden of the facility in which he is confined. *See McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993); *Roman v. Ashcroft*, 340 F.3d 314, 320 (6th Cir. 2003). Reese is currently confined at USP Beaumont in Beaumont, Texas; accordingly, the proper venue for a § 2241 motion is the Eastern District of Texas.

IT IS HEREBY ORDERED that Defendant's motion for reduction in sentence is DENIED.

Dated: February 8, 2024         s/George Caram Steeh
                                HON. GEORGE CARAM STEEH
                                UNITED STATES DISTRICT JUDGE

-4-

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 8, 2024, by electronic and/or ordinary mail and also on Eugene Reese #55045-039, USP Beaumont U.S. Penitentiary, P.O. Box 26030, Beaumont, TX  77720.

s/LaShawn Saulsberry
Deputy Clerk