UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                       Case Number 16-20697

v.                                          Honorable David M. Lawson

EUGENE REESE,

                Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR REDUCTION OF SENTENCE**

Defendant Eugene Reese pleaded guilty to drug trafficking and was sentenced on August 21, 2018 by the Honorable George Caram Steeh to 188 months in prison, to run concurrently with an undischarged state sentence.  He is in federal custody, and his expected release date is July 18, 2031.  Reese has filed a letter with the Court, which is construed as a motion for sentencing relief, explaining that Judge Steeh intended that his sentence not run longer than the 188-month term, which is why that sentence was to run concurrently with the state court sentence he was serving at the time.  He believes that the Bureau of Prisons has short-changed him by 576 days, which, he believes, should be credited against his current sentence.  And he suggests that the Fair Sentencing Act empowers district courts to grant the relief he seeks.

Although Reese's reference to the FSA is novel, this latest request plows old ground.  Reese sought compassionate release in 2022 and included in his motion a reference to the BOP's failure to credit the 576 days.  ECF No. 60.  Judge Steeh denied that motion, explaining that it is the BOP, not the Court, that calculates the time in custody.  ECF No. 64, PageID.317.  Reese filed another letter-request in 2024, ECF No. 66, which Judge Steeh viewed as a motion for sentencing relief.

Judge Steeh denied that request, again explaining that the BOP calculates time in custody against the judgment of sentence.  ECF No. 70, PageID.357.

Turning to the present "motion," the answer must be the same.  Reese cites the FSA, which, among other things, allows federal inmates certain time credits against a prison term.  According to the BOP, after an eligible inmate completes a risk assessment, he begins to earn FSA credits each 30 days.  If the inmate's Prisoner Assessment Tool Targeting Estimated Risk and Needs (PATTERN) risk level is medium or high, 10 days of credits are earned, and if the risk level is low or minimum, five additional days are earned, for a total of 15 days per month.  *See* 18 U.S.C. § 3632(d)(4)(A); *see also* Fed. Bureau of Prisons, PATTERN Risk Assessment, https://www.bop.gov/inmates/fsa/pattern.jsp (last visited February 24, 2026).  Reese does not appear to be complaining about his FSA credits, but the Court offers this explanation because Reese seems to rely on the FSA as a basis to renew his complaint about the lost state time credits.

In this case, Reese was in the custody of the Michigan Department of Corrections serving a sentence from a Wayne County, Michigan circuit court judgment when he was transported here on a writ of habeas corpus to answer the indictment in this case.  When he came into federal custody after having been returned previously to state custody following his guilty plea, he appeared for his sentencing hearing on August 21, 2018, which was when his federal sentence began.  18 U.S.C. § 3585(a), (b).

The BOP has the exclusive right to calculate credit given toward service of an imposed term of imprisonment.  *United States v. Gibbs*, 626 F.3d 344, 349 (6th Cir. 2010).  The "term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."  18 U.S.C. § 3585(a).  It is true that a "defendant shall be given credit

toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence." *Id.* § 3585(b).  However, it is the Attorney General and the BOP, rather than the district court judge, that has the "power to determine such credit." *Gibbs*, 626 F.3d at 349 (citing *United States v. Wilson*, 503 U.S. 329, 333 (1992)).  The FSA does not change that allocation of authority.

The government suggests that Reese's motion might be an attempt to file a petition for a writ of habeas corpus under 28 U.S.C. § 2241, because he essentially is requesting relief from the execution of a federal sentence.  *See United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991).  Under section 2241, "[a] district court may review the BOP's calculation, but may not compute sentencing credit in the first instance."  *United States v. Singh*, 52 F. App'x 711, 712 (6th Cir. 2002) (citing *Wilson*, 503 U.S. at 333 and *McClain v. Bureau of Prisons*, 9 F.3d 503, 504 (6th Cir. 1993)); *see also Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013) (holding that an inmate's claim was "cognizable under 28 U.S.C. § 2241 as a challenge to the execution of a portion of his sentence"); *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 546 (6th Cir. 2011) (finding the petitioner may be entitled to a sentence credit as alleged in his section 2241 petition).

However, in order to qualify for relief under 28 U.S.C. § 2241, petitioners are required to exhaust administrative remedies before filing a habeas corpus petition.  *Luedtke*, 704 F.3d at 466 (citing *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006)).  There are several steps that are required to exhaust BOP administrative remedies.  A prisoner should first attempt to resolve the issue informally.  28 C.F.R. § 542.13.  It does appear that Reese engaged in an informal resolution by submitting his "Inmate Request to Staff."  The next step is to file an Administrative Remedy Request on the appropriate (BP-9) form within "20 calendar days following the date on which the basis of for the Request occurred."  28 C.F.R. § 542.14(a).  An extension of time to file

the BP-9 form may be allowed if the inmate "demonstrates a valid reason for delay." *Id.* § 542.14(b). If the inmate is not satisfied with the warden's response to the BP-9, the inmate may submit an appeal on "form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." *Id.* § 542.15(a). "An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response." *Ibid.* The record in this case does not demonstrate that Reese exhausted any of these steps.

Additionally, "claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241." *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (quoting *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir.1999)). According to the docket, Reese is in custody at the Coleman I U.S. Penitentiary in Coleman, Florida. His mailing states a return address at USP Victorville in Victorville, California. If Reese was ultimately unsatisfied with his administrative remedies, he could file a claim under 28 U.S.C. § 2241 in the district court for the Northern District of Florida or the Central District of California, as the case may be. But the Eastern District of Michigan cannot at present entertain his section 2241 petition.

Reese has not shown that he is entitled to have the Court recalculate his sentence or adjust his time credits as the BOP has determined them.

Accordingly, it is **ORDERED** that the defendant's motion for sentencing relief (ECF No. 71) is **DENIED**.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated:  February 24, 2026

- 4 -